UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RENEE A. CORSINI HUEBNER | : | CIVIL ACTION NO.: |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| HARTFORD FIRE INSURANCE COMPANY | : | |
| d/b/a THE HARTFORD | : | |
| Defendant | : | February 3, 2014 |

## COMPLAINT

## INTRODUCTION

1.     This is an action for money damages, liquidated damages, costs, attorneys' fees and other relief as a result of Defendant's failure to pay overtime compensation to Plaintiff, in violation of federal wage and hour laws.

2.     Plaintiff brings this as an individual action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (hereinafter "the FLSA").

## PARTIES

3.     Plaintiff, Renee A. Corsini Huebner ("Plaintiff" or "Huebner"), is an individual who at all times relevant to this Complaint resided in West Hartford, Connecticut.  At all times relevant to this Complaint, Plaintiff was employed by Defendant, Hartford Fire Insurance Company.

4.     Defendant, Hartford Fire Insurance Company d/b/a The Hartford ("Defendant"), is a Connecticut Corporation whose principal place of business is One Hartford Plaza, Hartford, CT.  Defendant transacts business in the State of Connecticut and is an employer engaged in interstate commerce as that term is defined under the FLSA.

**JURISDICTION**

5.      The United States District Court for the District of Connecticut has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because it raises questions under the FLSA.

**FACTUAL BACKGROUND**

6.      Plaintiff commenced her employment with Defendant in 1998.

7.      During the last three years, Plaintiff was employed by Defendant as a Tier 9 Region Analyst.

8.      At times during the course of her employment with Defendant, Plaintiff worked overtime as that term is defined by FLSA.

9.      At all times during her employment with Defendant, Plaintiff was not paid overtime at the rate of one and one-half times her regular hourly rate for overtime as that term is defined by FLSA.

10.     At all times during her employment with Defendant, Plaintiff performed job duties and responsibilities which render her non-exempt under the FLSA.

11.     Plaintiff's primary job duties include preparing rate indications pursuant to an indications template, preparing filings for rate proposals in accordance with prescribed requirements, and preparing rate proposals for AARP in accordance with templates and requirements.

12.     Plaintiff had no supervisory responsibilities, did not set policy, and did not regularly exercise discretion and independent judgment with respect to matters of significance.

2

**COUNT ONE:**          **VIOLATION OF THE FAIR LABOR STANDARDS ACT**

13.      Paragraphs 1 through 12 of the introductory paragraphs are incorporated herein as Paragraph 13 of this Count One as if fully set forth herein.

14.      During Plaintiff's employment with Defendant, Defendant failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) in one week at a rate of one and one-half times her regular hourly rate.

15.      Defendant's failure to pay Plaintiff overtime at the rate of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) per week was willful.

16.      By virtue of the above, Defendant violated the FLSA.

17.      As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to compensation for all overtime hours worked computed at one and one-half times her regular hourly rate, liquidated damages, attorneys' fees and costs.

**DEMAND FOR RELIEF**

   **WHEREFORE**, Plaintiff claims:

1.      Unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;

2.      Liquidated damages under the Fair Labor Standards At, 29 U.S.C.§ 201 *et seq.*;

3.      Interest;

4.      Costs;

5.      Statutory attorneys' fees; and

6.      Such other relief as in law or equity may pertain.

3

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Plaintiff, Renee A. Corsini Huebner

By:

William G. Madsen (ct09853)
Madsen, Prestley & Parenteau, LLC
402 Asylum Street
Hartford, CT 06103
Tel.: (860) 246-2466   Fax: (860) 246-1794
wmadsen@mppjustice.com
Attorney for Plaintiff

4